Nellie M. Lufkin
vs.
Pennsylvania Petroleum Products Co. } W. C. A. No. 1290.

March 18, 1932.

BLODGETT, P. J. Petition under the Workmen's Compensation Act by widow of deceased.

Charles A. Lufkin, the deceased, was employed by respondent in its installation department, installing pumps and equipment, and had worked for the company sixteen years. He was 73 years old at time of death and, previous to his death, in good health. On his return from work October 30, 1930, the widow testified that deceased complained of no accident, but during the night complained of being sick; that Dr. C. E. Brennan was called and ordered deceased removed to St. Joseph's Hospital. The date of death was November 15, 1930, at the hospital.

The contents of the death certificate signed by Dr. James P. Londergan, a member of the hospital staff, testified to by the doctor, were "strangulated inguinal hernia, herniotomy, and post operative cerebral apoplexy." (Q. 21, p. 35.)

John Odell, a fellow employee, testified that he was working with deceased at Apponaug, October 30, 1930; that a pump was being installed; that deceased was carrying a pump and acted "very queer after carrying a pump" (Q. 14, p. 9); that deceased took sick over night and was taken to the hospital; that deceased fell from a staging at plant of respondent about ten feet and that he saw him fall; that the fall occurred October 30, 1930, and that he was asked to notify the company and did so. The witness seemed uncertain as to the exact date of the fall but that it was about October 30, 1930.

Nelson G. Burke, an employee of respondent, testified that he received notice of an accident to deceased the same day deceased was taken to the hospital; that Odell (previous witness) notified him of the accident and that it had taken place the day before deceased went to the hospital; that the pumps weighed between 400 and 500 pounds.

This comprises the testimony as to the accident.

At St. Joseph's Hospital on October 31, 1930, Dr. Francis H. Beckett performed the operation on deceased, an emergency operation for strangulated inguinal hernia. The wound healed and he (deceased) seemed all right. Ten or eleven days after, deceased developed an apoplectic stroke, and died November 15, 1930.

The history given Dr. Beckett indicated deceased had a hernia prior to this accident. The doctor testified that, in his opinion, as to a person falling eight or ten feet from a staging, having at the time of the fall po-

tential hernia, such fall would cause strangulation, or aggravate the hernia and result in strangulated hernia (Q. 18, p. 17); that the operation would very likely increase the liability to have a cerebral hemorrhage in a person of the age of deceased; that in his opinion the cerebral apoplexy was caused or aggravated by the strangulated hernia, and the strangulated hernia was caused or aggravated by the fall from the staging. In answer to Q. 40, p. 21, the doctor said: "My own feeling about the matter was that he was not going to get well." This feeling is further indicated in the answers to questions 41, 42, 46, 58 and 61 of the record.

The evidence of two other doctors, members of the hospital staff, coincides with that of Dr. Beckett and there was offered no expert testimony to the contrary.

The very carefully prepared brief filed by respondent cites a large number of cases where relief has been denied under circumstances somewhat similar.

Compensation cases are apt to be perplexing. Witnesses are often ignorant and stupid and it is difficult to reconcile their statements as to the details of any accident. In the present case the testimony is not clear as to the date of the alleged fall. There is, too, the lapse of time between the apparent recovery of the deceased from the operation and the sudden development of a fatal cerebral hemorrhage. We have, too, the fact that deceased made no mention to his wife of the occurrence of any accident that day and the fact the pain began so many hours after the alleged accident.

Great stress is laid by respondent upon the duty of petitioner as to burden of proof as to the cause of the hernia, and, further, that the death was caused by strangulated hernia, and that a cerebral hemorrhage can be ascribed to the hernia.

The Court is of the opinion, in the absence of any testimony in contradiction of the medical and factual testimony offered, that petition has sustained the burden of proof and is entitled under the Act to compensation.

Decree may be offered accordingly.

For petitioner: Roger L. McCarthy.

For respondent: Clifford A. Kingsley.